BRODHEAD v. QUARRYVILLE NAT. BANK.

(Circuit Court, E. D. Pennsylvania. February 21, 1907.)

No. 76.

COURTS—FEDERAL COURTS—PROCEDURE—EQUITABLE SET-OFF IN ACTION AT LAW.

In an action at law in a federal court by the receiver of an insolvent corporation against a bank to recover a deposit standing to the credit of the corporation on the books of the bank at the time of plaintiff's appointment, the defendant cannot set off the amount of notes held by it, signed by officers of the corporation individually, although such notes were discounted for the benefit of the corporation and the deposit sued for is solely the proceeds of such discount, the claim of the bank against the corporation being purely equitable and such as cannot in any event be set off in an action at law in a federal court.

[Ed. Note.— For cases in point, see Cent. Dig. vol. 13, Courts, § 913.]

At Law. On motion by defendant for judgment notwithstanding the verdict.

R. Stuart Smith and Morgan & Lewis, for plaintiff.
W. U. Hensel, for defendant.

J. B. McPHERSON, District Judge. This is a suit by the receiver of the John Shields Construction Company against the Quarryville National Bank to recover $3,766.67, being the balance on deposit in the bank to the credit of the construction company on December 30, 1905, the date when the receiver was appointed. The facts were not in dispute, and each party asked for binding instructions, whereupon a verdict was directed for the plaintiff, the court reserving the questions raised by the points that were submitted for charge, and reserving also the usual question whether there was any evidence to go to the jury in support of the plaintiff's claim. One of the pleas filed by the bank was set-off, and under this plea it sought to have a certificate in its favor, in accordance with the Pennsylvania practice, for the difference between the amount on deposit to the credit of the construction company and the amount due at the time the receiver was appointed upon two unpaid notes, which it averred to be in effect obligations of the construction company to the bank.

Briefly, the facts are as follows: The construction company was doing certain work in the neighborhood of Quarryville, and desired to obtain a line of credit with the bank to the amount of $12,000. The capital of the bank, however, was only $60,000, and, as a national bank is forbidden to lend more than 10 per cent. of its capital to one person, the following device was adopted to evade this prohibition. John Shields, one of the principal stockholders of the construction company, made a note for $6,000, which was indorsed by John Carter, an officer of the company, and Carter made a second note for the same amount,

which was indorsed by Shields. Both notes, in this condition, were then discounted by the bank, and the proceeds were placed to the credit of the construction company. These notes were renewed from time to time, and $1,000 was paid on account of one of them, so that $11,000 was owing at the time when the receiver was appointed, although neither note was due at that date. The balance on deposit to the credit of the construction company, for the recovery of which this suit is brought, was wholly the proceeds of the last renewal. The receiver claims it as the property of the construction company, denying the right of the bank to retain it in part payment of the two notes referred to, and denying also the right of the bank in any event to have a certificate in its favor.

The contention of the bank that it should have a certificate in its favor may be dismissed with a few words. This is an action at law in which the plaintiff has a prima facie legal title to the money in dispute. The bank has no legal claim whatever upon these notes against the construction company; its right, whatever it may be, is purely equitable, and for this reason, if for no other, the certificate asked for cannot be allowed. Whatever the procedure may be elsewhere, a practice of this kind cannot be followed in the federal courts, where the line between legal and equitable rights is still so sharply drawn that an equitable defence to a legal title is rarely, if ever, permitted. And I think, also, that little more need be said concerning the claim of the bank to retain the deposit in partial payment of debts that are legally due from Shields and Carter and from them alone. The bank's claim against the construction company is wholly equitable. The company is neither maker nor indorser of these notes. They are the legal obligations of the two individuals just named, not of the company, and the bank could not sue the company in the Circuit Court at law upon them. If the company is liable to the bank because the former has profited by the transaction between the bank and Shields and Carter, it is liable for equitable reasons that cannot be taken into account in this action. As is well known, equitable relief is often administered in Pennsylvania through common-law forms—a practice which I am accustomed to and heartily approve—but in the federal courts no such practice prevails, and the old distinction between law and equity is maintained.

If this point of view is correct, it would be useless to discuss the conflicting decisions in this state and elsewhere that have dealt with the right of a bank to set off debts (whether due or not due) owing to it by an insolvent depositor against the claim of his representative to recover the deposit. No decision is in point that has merely considered the question whether a claim to a legal set-off by a bank may be set up against a legal claim by the insolvent's representative to a deposit, and I have discovered no case in which a situation like that now before me has been passed upon by a federal court.

The motion for judgment notwithstanding the verdict is refused. Judgment may be entered for the plaintiff on the verdict.